FILED
Clerk
District Court

FEB 15 2006

For The Northern Mariana Islands
_____
(Deputy Clerk)

# MINUTES OF THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN MARIANA ISLANDS

CR-05-00009

February 15, 2006
11:10 a.m.

### UNITED STATES OF AMERICA -vs- JOSE CRUZ ALDAN

PRESENT:   HON. ALEX R. MUNSON, CHIEF JUDGE PRESIDING
LYNN LEMIEUX, COURTROOM DEPUTY
SANAE SHMULL, COURT REPORTER
TIMOTHY MORAN, ASSISTANT U.S. ATTORNEY
JOSE C. ALDAN, DEFENDANT
JOSEPH CAMACHO, ATTORNEY FOR DEFENDANT

PROCEEDINGS: MOTION for BAIL MODIFICATION

Defendant was present with Attorney Joseph Camacho. Government by Timothy Moran, AUSA. Also present were U.S. Probation Officers Margarita Wonenberg and Melinda Brunson.

Defense called witness as a potential third-party custodian:

**LYDIA A. ADA.** DX. CX.

Defense argued for the release of the defendant to the third-party custodian. Government argued that the proposed release was not suitable for pre-trial supervision release and stated the reasons.

Court ordered the defendant released on bail on the following terms and conditions:

1. That the defendant be released to a third party custodian, Lydia A. Ada with the caveat that the third-party custodian meet with probation so that she fully understands her responsibilities;

2. That the defendant submit to pretrial services supervision under the direction of the U.S. Probation Office;

3. That the defendant participate in a home confinement component which will include electronic monitoring and abide by the requirements of the program and pay all or part of the cost of the program based on ability to pas as determined by the Probation Officer;

4. That the defendant post a $50,000 unsecured bond;

5. That the defendant shall not leave the island of Saipan without written permission of the Court;

6. That the defendant shall obey all federal, state and local laws;

7. That the defendant shall not relocate from his assigned residence (the home of the third-party custodian) without prior written notice to Probation, the Court and his counsel;

8. That the defendant shall surrender his passport to the Clerk of Court and not obtain any passport or other travel documents;

9. That the defendant shall avoid contact, directly or indirectly, with any persons who are or who may become a victim or potential witness in this subject investigation or prosecution, unless in preparation for trial and in the presence of his attorney;

10. That the defendant shall refrain from possessing a firearm, destructive device, or other dangerous weapon and shall not have these at his place of residence;

11. That the defendant shall refrain from the use or unlawful possession of a narcotic drug or other controlled substances unless prescribed by a licensed medical practitioner licensed in the CNMI.;

12. That the defendant shall submit to any method of testing required by the pretrial services office for determining whether the defendant is using prohibited substance. Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing;

13. That the defendant shall refrain from obstructing or attempting to obstruct, tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or electronic monitoring which is (are) required as a condition of released;

14. That the defendant shall be on a 24 hour home detention and restricted to his residence at all times except for visiting with his attorney, church, doctor's visits and other activities as pre-approved by the pretrial services office; and

15. That the defendant shall refrain from the use of ALL alcoholic beverages.

Defendant was remanded back into the custody of the U.S. Marshal until all processing could be completed.

Court adjourned at 11:35 a.m.

K. Lynn Lemieux, Courtroom Deputy