Joseph James Norita Camacho
CAMACHO & ALEPUYO
Attorneys-at-Law
2nd Floor, Lim's Bldg., Oleai
P.O. Box 5506 CHRB
Saipan, MP 96950
(670) 233-8535/6/7
(670) 233-8538 fax

Court-Appointed Counsel for Jose C. Aldan

IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 05-00009 |
|---|---|
| Plaintiff, | DEFENDANT'S MOTION FOR DISCLOSURE OF THE NAMES AND CONTACT INFORMATION OF CONFIDENTIAL INFORMANTS |
| vs. | |
| JOSE C. ALDAN, | |
| Defendant. | Date:<br>Time:<br>Judge:  Chief Judge Alex R. Munson |

  The above-captioned case is set for a Jury Trial before the Honorable Chief Judge Alex Munson on August 21, 2006 at 9:00 a.m.  The Defendant, Jose C. Aldan (hereinafter "Mr. Aldan"), by and through Court-Appointed Counsel respectfully moves this Honorable Court to order the Prosecution to disclose the names of the confidential informants (a.k.a. "cooperating source") who allegedly conducted the undercover investigation in this case.  The grounds for this motion are as follows:

1. Plea negotiations and a possible non-trial disposition in the above captioned case have failed, therefore, the matter will proceed to trial.  Assistant United States Attorney Tim Moran, in a recent telephone conversation with Court-Appointed Counsel, has indicated that the Government will call

only one of the two confidential informants.

1. Mr. Aldan moves this Honorable Court to compel the Government to disclose the names and contact information of the "confidential informants," known as:

    **1.  CS-02-107859, Cooperating Source for November 3, 2003 (Koblerville);**

    **2.  CS-02-107859, Cooperating Source for January 29, 2004 (Garapan); and**

    **3.  Any and all Confidential Informants/Cooperating Sources participating or who have participated in the above captioned case not listed or reported in Discovery to Mr. Aldan.**

2. Further, Mr. Aldan is entitled to due process of law at all stages of the proceedings. Due process requires effective assistance of counsel, the right to confront and cross-examine any witness against him/her, and the right to present a defense at any trial to the charges. Under the circumstances of this case, due process of law requires that the prosecution disclose the names and locations of the confidential informants who allegedly engaged in a transaction with Mr. Aldan because Court-Appointed Counsel is unsure as to which of the two (2) confidential informants the Government will call at trial.

3. Historically, the United States Supreme Court and the Ninth Circuit Court of Appeals have acknowledged that the Government maintains a limited privilege with respect to the name and location of "confidential informants," however, "where the disclosure of an informer's identity, or of the contents of his communication is **relevant** and **helpful** to the defense of an accused, or is **essential** to a fair determination of a cause, the privilege must give way." *United States v. Ramirez-Rangel*, 103 F.3d 1501 (9th Cir. 1995) citing *Roviaro v. Unites States*, 353 U.S. 53 ,60-61, 77 S.Ct. 623, 628, 1 L.Ed.2d 639 (1957)(emphasis added).

4. The purpose of the government's privilege in withholding of the identity of an informant "is to protect the government's sources of information and in this way to facilitate law enforcement by preserving the anonymity of individuals willing to furnish information." *Commonwealth v. Nyok Tan*, Crim. Case No. 99-0478T (N.M.I. Super. Ct. June 28, 2000) (Order Granting Motion to Disclose Confidential Informant) citing *Rovario v. United States*, 353 U.S. 53, 77 S.Ct. 623 (1957).

5. As such, in assessing the government's need to protect the flow of information from private individuals, the Court should consider whether a particular informant is subject to retaliation for their cooperation with law enforcement. The Court should also consider whether a particular informant is uniquely situated to provide on-going information to law enforcement about a particular crime or series of crimes, and no other person could be used by law enforcement as an undercover operative to obtain the same type of information.

7. In this case, there is no indication that the "confidential informant" voluntarily contacted police with information concerning criminal activities the above captioned case or any other case or ongoing investigations.

8. Further, there is no indication that the "confidential informant" has a special relationship with Mr. Aldan such that his/her usefulness would evaporate upon revelation of his/her identity. There has been no showing that revelation of the identity of this witnesses would in anyway disrupt the flow of information from private individuals to law enforcement or expose the witness to any harm.

9. The trial court's weighing of the government's interest in protecting the flow of information and the defense's need for the disclosure of the informant's identity to ensure a fair determination of the case "is critical to the preservation of due process." *United States v. Ordonez,* 737 F.2d 793, 808-810 (9th Cir. 1984).

10. In *United States v. Gonzalo Beltran*, 915 F.2d 487, 489 (9th Cir. 1990) the Court applied a three-prong test to determine whether the confidential informant's identity should be disclosed: (1) the degree of the informant's involvement in the crime; (2) the relationship between the defendant's asserted defense and the informant's likely testimony; and (3) the governmental interests in non disclosure.

11. In this case, the identity and location of the informer is material as this witness is the only percipient eye-witness to the alleged statements and conduct by Mr. Aldan forming the basis of the charge against him. There is no report or affidavit from the confidential informant. These eye-witnesses (Confidential Informants) may remember events differently or have a different perception of what happened between himself/herself and Mr. Aldan, as compared to the memory and perception of the Government's investigators.

12. In *Roviaro v. United States*, *ibid*, the Court specifically found that the defense is entitled to the informant's identity if the informant is a percipient witness to or participated in the criminal transaction." *Rovairo v. United States*, *ibid*, 61-62. The Superior Court in *Nyak* noted the distinction "between those situations wherein an informant's role was merely peripheral, and, in contrast, those situations wherein the informant actually witnessed the crime, or as here, even helped instigate the criminal transaction." *Nyak*, at 5 citing *United States v. Hernandez*, 608 F.2d 741, 744 (9th Cir. 1979).[1] In this case, the confidential informant is a necessary witness as he or she participated directly in the instigation and completion of the alleged criminal transaction.

12. If the Government is unwilling to disclose the name and identity of the confidential informants

---

[1] See *United States v. Cervantes*, 542 F.2d 773, 775 (9th Cir. 1976); (*United States v. Miramon*, 443 F.2d 361, 362 (9th Cir. 1971) (error not to require disclosure of informant who was present at narcotics sale, and took part in arranging it); *Lopez-Hernandez v. United States*, 394 F.2d 820, 821 (9th Cir. 1968) ("In light of the extent of the informant's participation in the events culminating in appellant's arrest and his presence as a witness, it cannot be said that disclosure of his identity would not have been 'relevant and helpful' to appellant's defense").

as requested, then Mr. Aldan seeks an in-camera hearing where this Court will take testimony and evaluate any governmental claim of privilege. Without the disclosure of the name and location of the confidential informants, Mr. Aldan will be denied effective assistance of counsel, full confrontation and cross-examination, and due process.

13. Finally Mr. Aldan respectfully moves that any promises, negotiations, money, and/or favors provided to the confidential informant in this case by either the police officers, Agents, or the United States Attorney's Office be disclosed in writing. Mr. Aldan also respectfully moves for the Court to order the production of all records of criminal convictions for felony offenses or any crime involving untruthfulness by the confidential informants. The information sought constitutes **Brady** material, and impeachment material. The United States Supreme Court has made clear that evidence which can be used to impeach a witness by showing motive, bias, or interest MUST be tendered to the defense pursuant to the requirements of the Due Process Clause. *United States v. Bagley*, 473 U.S. 667, 105 S. Ct. 3375 (1985). The jury's estimate of the truthfulness and reliability of a given witness may well be determinative of guilty or innocence, and it is upon such subtle factors as the possible interest of the witness in testifying falsely that a defendant's life or liberty may depend." *Napue v. Illinois*, 360 U.S. 264, 269, 79 S.Ct. 1173, 1177 (1959).

14. To insure his Constitutional Rights are protected, Mr.. Aldan respectfully move this Honorable Court for the disclosure of the names and contact information of the Confidential Informants, as well as any and all *Brady* and *Henthorn* Materials.

Respectfully submitted

/s/ Joseph James N. Camacho

_____
Joseph James Norita Camacho, F0267
Court-appointed Counsel for Jose C. Aldan

5