F I L E D
Clerk
District Court

AUG 1 4 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

1  Joseph James Norita Camacho
   CAMACHO & ALEPUYO
2  Attorneys-at-Law
   2nd Floor, Lim's Bldg., Oleai
3  P.O. Box 5506 CHRB
   Saipan, MP 96950
4  (670) 233-8535/6/7
   (670) 233-8538 fax
5
   Court-Appointed Counsel for Jose C. Aldan
6
7            IN THE UNITED STATES DISTRICT COURT
                         FOR THE
8               NORTHERN MARIANA ISLANDS
9
   UNITED STATES OF AMERICA,              CRIMINAL CASE NO. 05-00009
10
                     Plaintiff,           DEFENDANT'S PROPOSED JURY
11                                        INSTRUCTIONS
             vs.
12
   JOSE C. ALDAN,
13
                     Defendant.
14
15
16
17
18  Defendant **Jose C. Aldan**, through undersigned counsel, requests that the Court instruct the jury on the
    law as set forth herein. Defendant also reserves the right to submit further jury instructions as may
19
    become relevant during the course of the trial.
20
21
                                    Respectfully submitted,
22
23
   Dated: August 14, 2006          Joseph James Norita Camacho, F0267
24                                  Attorney for Jose C. Aldan

**PRELIMINARY INSTRUCTION**

JURY INSTRUCTION NO. 1

<u>DUTY OF JURY</u>

Ladies and gentlemen: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions. These are preliminary instructions. At the end of the trial I will give you more detailed instructions. Those instructions will control your deliberations.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be.

<u>Authority</u>

9th Cir. Crim Jury Instr. 1.1 (2003).

1

**PRELIMINARY INSTRUCTION**

JURY INSTRUCTION NO. 2


THE CHARGE—PRESUMPTION OF INNOCENCE

This is a criminal case brought by the United States government. The government charges the defendant with [crime[s] charged]. The charge[s] against the defendant [is] [are] contained in the indictment. The indictment is simply the description of the charge[s] made by the government against the defendant; it is not evidence of anything.

[In order to help you follow the evidence, I will now give you a brief summary of the elements of the crime[s] which the government must prove to make its case: [supply brief statement of elements of crime[s]]. These instructions are preliminary and the instructions I will give at the end of the case will control.]

The defendant has pleaded not guilty to the charge[s] and is presumed innocent unless and until proved guilty beyond a reasonable doubt. A defendant has the right to remain silent and never has to prove innocence or present any evidence.


Authority

9th Cir. Crim Jury Instr. 1.2 (2003) (modified as indicated).

2

**PRELIMINARY INSTRUCTION**

JURY INSTRUCTION NO. 3

<u>WHAT IS EVIDENCE</u>

The evidence you are to consider in deciding what the facts are consists of:

    (1) The sworn testimony of any witness;

    (2) The exhibits which are to be received into evidence; and

    (3) Any facts to which all the lawyers stipulate.

<u>Authority</u>

9th Cir. Crim Jury Instr. 1.3 (2003).

**PRELIMINARY INSTRUCTION**

JURY INSTRUCTION NO. 4

<u>WHAT IS NOT EVIDENCE</u>

The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case:

    1.    Statements and arguments of the attorneys;

    2.    Questions and objections of the attorneys;

    3.    Testimony that I instruct you to disregard; and

    4.    Anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

<u>Authority</u>

9th Cir. Crim Jury Instr. 1.4 (2003).

4

**PRELIMINARY INSTRUCTION**

JURY INSTRUCTION NO. 5

<u>EVIDENCE FOR LIMITED PURPOSE</u>

Some evidence ~~is~~ **may be** admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other **purpose**.

<u>Authority</u>

9th Cir. Crim Jury Instr. 1.5 (2003) (modified as indicated).

**PRELIMINARY INSTRUCTION**

JURY INSTRUCTION NO. 6

<u>RULING ON OBJECTIONS</u>

There are rules of evidence which control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence which I told you to disregard..

<u>Authority</u>

9th Cir. Crim Jury Instr. 1.7 (2003).

**PRELIMINARY INSTRUCTION**

JURY INSTRUCTION NO. 7

CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.  The opportunity and ability of the witness to see or hear or know the things testified to;

2.  The witness' memory;

3.  The witness' manner while testifying;

4.  The witness' interest in the outcome of the case and any bias or prejudice;

5.  Whether other evidence contradicted the witness' testimony;

6.  The reasonableness of the witness' testimony in light of all the evidence; and

7.  Any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

Authority

9th Cir. Crim Jury Instr. 1.8 (2003).

7

**PRELIMINARY INSTRUCTION**

JURY INSTRUCTION NO. 8

<u>CONDUCT OF THE JURY</u>

I will now say a few words about your conduct as jurors.

First, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately;

Second, do not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with it;

Third, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Fourth, if you need to communicate with me simply give a signed note to the [bailiff] [clerk] [law clerk] to give to me; and

Fifth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

<u>Authority</u>

9th Cir. Crim Jury Instr. 1.9 (2003).

**PRELIMINARY INSTRUCTION**

JURY INSTRUCTION NO. 9

<u>NO TRANSCRIPT AVAILABLE TO JURY</u>

At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not have a written transcript of the trial. I urge you to pay close attention to the testimony as it is given.

<u>Authority</u>

9th Cir. Crim Jury Instr. 1.10 (2003).

**PRELIMINARY INSTRUCTION**

JURY INSTRUCTION NO. 10

<u>TAKING NOTES</u>

If you wish, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note taking distract you so that you do not hear other answers by witnesses. When you leave, your notes should be left in the [court room] [jury room] [envelope in the jury room].

Whether or not you take notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

<u>Authority</u>

9th Cir. Crim Jury Instr. 1.11 (2003).

**PRELIMINARY INSTRUCTION**

JURY INSTRUCTION NO. 11

OUTLINE OF TRIAL

The next phase of the trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The government will then present evidence and counsel for the defendant may cross-examine. Then, the defendant may present evidence and counsel for the government may cross-examine.

After the evidence has been presented, [I will instruct you on the law that applies to the case and the attorneys will make closing arguments] [the attorneys will make closing arguments and I will instruct you on the law that applies to the case].

After that, you will go to the jury room to deliberate on your verdict.

Authority

9th Cir. Crim Jury Instr. 1.12 (2003).

**INSTRUCTION THAT MAY BE APPLICABLE DURING TRIAL**

JURY INSTRUCTION NO. 12

<u>CAUTIONARY INSTRUCTION—FIRST RECESS</u>

We are about to take our first break during the trial, and I want to remind you of the instruction I gave you earlier. Until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately. Do not read or listen to any news reports of the trial. Finally, you are reminded to keep an open mind until all the evidence has been received and you have heard the arguments of counsel, the instructions of the court, and the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the [marshal] [bailiff] [clerk] [matron] to give to me.

I will not repeat these admonitions each time we recess or adjourn, but you will be reminded of them on such occasions.

<u>Authority</u>

9th Cir. Crim Jury Instr. 2.1 (2003).

1    **INSTRUCTION THAT MAY BE APPLICABLE DURING TRIAL**

2    JURY INSTRUCTION NO. 13

3

4    <u>DISMISSAL OF SOME CHARGES AGAINST DEFENDANT</u>

5    At the beginning of the trial, the court described the charges against the defendant. Since that time,

6    the charge[s] of [dismissed count[s]] [has] [have] been disposed of and [is] [are] therefore no longer

7    before you.

8    The defendant is on trial only for the charge[s] of [remaining count[s]]. Evidence presented can only

9    be considered as it relates to [those] [that] remaining count[s].

10

11    <u>Authority</u>

12    9th Cir. Crim Jury Instr. 2.12 (2003).

13

14

15

16

17

18

19

20

21

22

23

24

**INSTRUCTION AT END OF CASE**

JURY INSTRUCTION NO. 14

<u>DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW</u>

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

<u>Authority</u>

9th Cir. Crim Jury Instr. 3.1 (2003).

14

1   **INSTRUCTION AT END OF CASE**

2   JURY INSTRUCTION NO. 15

3

4                   CHARGE AGAINST DEFENDANT NOT EVIDENCE
               -- PRESUMPTION OF INNOCENCE -- BURDEN OF PROOF

5

6       The indictment is not evidence. The defendant has pleaded not guilty to the charges. The defendant

7   is presumed to be innocent and does not have to testify or present any evidence to prove innocence. The

8   government has the burden of proving every element of the charge beyond a reasonable doubt.

9

10                                   Authority

11       9th Cir. Crim Jury Instr. 3.2 (2003) (modified as indicated).

12

13

14

15

16

17

18

19

20

21

22

23

24

**INSTRUCTION AT END OF CASE**

JURY INSTRUCTION NO. 16


<u>GOVERNMENT ALWAYS WINS REGARDLESS OF JURY VERDICT</u>

    The question before you can never be: Will the Government win or lose the case? The Government always wins when justice is done. Justice is achieved when you, the jury, returns your verdict, whether it be guilty or not guilty, regardless of whether the verdict is guilty or not guilty.


<u>Authority</u>

*CNMI v. Tydingco*, Crim. No. 01-320C (superior court read this instruction to jury).

**INSTRUCTION AT END OF CASE**

JURY INSTRUCTION NO. 17

### BURDEN OF PROOF - REASONABLE DOUBT

The law presumes a defendant to be innocent of the crime. Thus, a defendant, although accused, begins the trial with a "clean slate" with no evidence against him. And the law permits nothing but legal evidence presented before the jury to be considered in support of any charge against the accused. So the presumption of innocence alone is sufficient to acquit a defendant, unless you are satisfied, after careful and impartial consideration of all the evidence in the case, that the Government has proved the defendant's guilt beyond a reasonable doubt.

It is not required that the government prove guilt beyond all possible doubt. The test is one of reasonable doubt. A reasonable doubt is a doubt based upon reason and common sense - the kind doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his own affairs.

You must remember that a defendant is never to be convicted on mere suspicion or conjecture.

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant, for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

So, if you, after careful and impartial consideration of all the evidence in the case, have a reasonable doubt that the government has proved the defendant's guilty of the charge, you must find him not guilty. If you view the evidence in the case as reasonably permitting either of two conclusions - one of innocence, the other of guilty - you should, of course, adopt the conclusion of innocence.

//

Authority

CALJIC 11.14 (modified); *accord Commonwealth v. Tinian Gaming Control Commission*, 3 N.M.I. 134 (1992) (defining clear and convincing evidence as "an intermediate standard of proof greater than a preponderance of the evidence, but less than proof beyond a reasonable doubt required in criminal cases. It is that degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the allegations sought to be established, and requires the existence of a fact be highly probable"); *see also Mahorney v. Wallman*, 917 F.2d 469, 471 n.2 (10th Cir. 1990) (recognizing that there are "two fundamental aspects of the presumption of innocence, namely that the presumption (1) remains with the accused throughout every stage of the trial, including, most importantly, the jury's deliberations, and (2) is extinguished only upon the jury's determination that guilt has been established beyond a reasonable doubt").

1  **INSTRUCTION AT END OF CASE**

2  JURY INSTRUCTION NO. 18

3

4  <u>DEFENDANT MAY RELY ON STATE OF EVIDENCE</u>

5     In deciding whether or not to testify, the defendant may choose to rely on the state of the evidence,

6  and upon the failure, if any, of the government to prove beyond a reasonable doubt every essential

7  element of the charge against him. No lack of testimony on defendant's part will make up for a failure

8  of proof by the government so as to support a finding against him on any such essential element. You

9  must not consider, for any reason at all, the fact that the defendant did not testify. Do not discuss this

10 fact during your deliberations or let it influence your decision in any way.

11

12 <u>Authority</u>

13    CALJIC 2.61 (modified as indicated; highlighted sentences added); *see also* U.S. Const.

14    Amend. V; *see also Carter v. Kentucky*, 450 U.S. 288, 303 (1981) ("No judge can

15    prevent jurors from speculating about why a defendant stands mute in the face of a

16    criminal accusation, but a judge can, and must, if requested to do so, use the unique

17    power of the jury instruction to reduce that speculation to a minimum.").

18

19

20

21

22

23

24

1  **INSTRUCTION AT END OF CASE**

2  JURY INSTRUCTION NO. 19

3

4                    DEFENDANT'S DECISION TO TESTIFY

5      The defendant has testified. You should treat this testimony just as you would the testimony of any

6  other witness.

7

8                              Authority

9      9th Cir. Crim Jury Instr. 3.4 (2003).

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

**INSTRUCTION AT END OF CASE**

JURY INSTRUCTION NO. 20

<u>WHAT IS EVIDENCE</u>

The evidence from which you are to decide what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which have been received into evidence; and

(3) any facts to which all the lawyers have stipulated.

<u>Authority</u>

9th Cir. Crim Jury Instr. 3.6 (2003).

**INSTRUCTION AT END OF CASE**

JURY INSTRUCTION NO. 21

<u>WHAT IS NOT EVIDENCE</u>

In reaching your verdict you may consider only the testimony and exhibits received into evidence. Certain things are not evidence and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, [will say in their] closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the question, the objection, or the court's ruling on it.

3. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

4. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

<u>Authority</u>

9th Cir. Crim Jury Instr. 3.7 (2003).

**INSTRUCTION AT END OF CASE**

JURY INSTRUCTION NO. 22

<u>SUFFICIENCY OF CIRCUMSTANTIAL EVIDENCE--GENERALLY</u>

However, a finding of guilt as to any crime may not be based on circumstantial evidence unless the proved circumstances are not only (1) consistent with the theory that the defendant is guilty of the crime, but (2) cannot be reconciled with any other rational conclusion.

Further, each fact which is essential to complete a set of circumstances necessary to establish the defendant's guilt must be proved beyond a reasonable doubt. In other words, before an inference essential to establish guilt may be found to have been proved beyond a reasonable doubt, each fact or circumstance on which the inference necessarily rests must be proved beyond a reasonable doubt.

Also, if the circumstantial evidence as to any particular count permits two reasonable interpretations, one of which points to the defendant's guilt and the other to his innocence, you must adopt that interpretation that points to the defendant's innocence, and reject that interpretation that points to his guilt.

If, on the other hand, one interpretation of this evidence appears to you to be reasonable and the other interpretation to be unreasonable, you must accept the reasonable interpretation and reject the unreasonable.

<u>Authority</u>

CALJIC 2.01

22

**INSTRUCTION AT END OF CASE**

JURY INSTRUCTION NO. 23

<u>CREDIBILITY OF WITNESSES</u>

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;

2. the witness's memory;

3. the witness's manner while testifying;

4. the witness's interest in the outcome of the case and any bias or prejudice;

5. whether other evidence contradicted the witness's testimony;

6. the reasonableness of the witness's testimony in light of all the evidence; and

7. any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

<u>Authority</u>

9th Cir. Crim Jury Instr. 3.9 (2003).

**INSTRUCTION AT END OF CASE**

JURY INSTRUCTION NO. 24


<u>SEPARATE CONSIDERATION OF MULTIPLE COUNTS</u>

A separate crime is charged against the defendant in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.


<u>Authority</u>

9th Cir. Crim Jury Instr. 3.12 (2003).

1

2

3

4    **INSTRUCTION AT END OF CASE**

5    JURY INSTRUCTION NO. 25

6

7                              <u>CONSIDERATION OF EVIDENCE</u>

8        Your verdict must be based solely on the evidence and on the law as I have given it to you in these

9    instructions. However, nothing that I have said or done is intended to suggest what your verdict should

10   be—that is entirely for you to decide.

11

12                                    <u>Authority</u>

13        9th Cir. Crim Jury Instr. 7.2  (2003).

14

15

16

17

18

19

20

21

22

23

24

25

**INSTRUCTION AT END OF CASE**

JURY INSTRUCTION NO. 26

<u>VERDICT OF INDIVIDUAL JURORS</u>

The government and the defendant are entitled to the individual opinion of each juror.

Each of you must consider the evidence for the purpose of reaching a verdict if you can do so. Each of you must decide the case for yourself, but should do so only after discussing the evidence and instructions with the other jurors.

Do not hesitate to change an opinion if you are convinced it is wrong. However, do not decide any question in a particular way because a majority of the jurors, or any of them, favor that decision.

Do not decide any issue in this case by the flip of a coin, or by any other chance determination.

<u>Authority</u>

CALJIC 17.40

1 **INSTRUCTION AT END OF CASE**

2 JURY INSTRUCTION NO. 27

3

4 <u>USE OF NOTES</u>

5 Some of you have taken notes during the trial. Whether or not you took notes, you should rely on

6 your own memory of what was said. Notes are only to assist your memory. You should not be overly

7 influenced by the notes.

8

9 <u>Authority</u>

10 9th Cir. Crim Jury Instr. 7.3 (2003).

11

12

13

14

15

16

17

18

19

20

21

22

23

24

27

**INSTRUCTION AT END OF CASE**

JURY INSTRUCTION NO. 28

<u>VERDICT FORM</u>

A verdict form has been prepared for you. [Any explanation of the verdict form may be given at this time.] After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the Court that you are ready to return to the courtroom.

<u>Authority</u>

9th Cir. Crim Jury Instr. 7.5 (2003).

1  **INSTRUCTION AT END OF CASE**

2  JURY INSTRUCTION NO. 29

3

4  <u>COMMUNICATION WITH COURT</u>

5      If it becomes necessary during your deliberations to communicate with me, you may send a note

6  through the bailiff, signed by your foreperson or by one or more members of the jury. No member of the

7  jury should ever attempt to communicate with me except by a signed writing, and I will respond to the

8  jury concerning the case only in writing, or here in open court. If you send out a question, I will consult

9  with the lawyers before answering it, which may take some time. You may continue your deliberations

10  while waiting for the answer to any question. Remember that you are not to tell anyone—including

11  me—how the jury stands, numerically or otherwise, on the question of the guilt of the defendant, until

12  after you have reached a unanimous verdict or have been discharged.

13

14  <u>Authority</u>

15      9th Cir. Crim Jury Instr. 7.6  (2003).

16

17

18

19

20

21

22

23

24

29